Argued January 22, decided February 11, 1908.

## ELLIS *v.* ELLIS.

[93 Pac. 1134.]

WITNESSES—EVIDENCE.

Where plaintiff, on cross-examination, admitted that she had made mistakes in her direct examination, and when her evidence is taken in connection with the circumstances related by other witnesses for the plaintiff, lead to the belief that the testimony they gave at the trial was made up for the occasion, the suit should have been dismissed.

From Multnomah: ARTHUR L. FRAZER, Judge.

This is a suit by Goldie R. Ellis for a divorce and the dissolution of the marriage contract, on the grounds of cruel and inhuman treatment and personal indignities, rendering life burdensome. From a decree in favor of plaintiff, the defendant, Joseph T. Ellis, appeals.

REVERSED.

For appellant there was a brief over the names of *Northup & Northup,* with an oral argument by *Mr. Henry H. Northup.*

For respondent there was a brief over the names of *Mr. R. L. Glisan* and *Mr. L. E. Crouch,* with an oral argument by *Mr. Crouch.*

PER CURIAM. This is a suit by the wife for a divorce, on the ground of cruel and inhuman treatment and personal indignities, rendering life burdensome. From a decree in her favor, dissolving the marriage contract, the defendant appeals.

The plaintiff, on cross-examination, contradicted several of her statements made on direct examination, and when her attention was called to the discrepancy, she admitted that mistakes had been made in the sworn declarations. Her testimony is corroborated in many respects by her foster mother, whose exclamations, by way of emphasis, "So help me God" and "May God be my judge and strike me dead," in the affirmance of her statements, as well as her admission, as a witness, that she had used vile epithets when talking to the defendant over the tele-

phone, very much discredits her testimony. There is, in the declarations of these witnesses, such a degree of improbability, when considered in connection with the circumstances mentioned, as to lead to the belief that the story which they told at the trial was made up for the occasion and false in most particulars.

Without further alluding to the testimony, which is unfit for publication, the decree is reversed, and suit dismissed.    REVERSED.